**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

RONALD LEBED,

        Petitioner,

vs.                                               Case No. 5:20-cv-345-Oc-32PRL

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

        Respondents.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Petitioner, an inmate of the Florida penal system, initiated this case by filing a pro se pleading titled "Petition for Stay of Proceedings" (Doc. 1). He claims to be working on a state court motion for postconviction relief and is diligently attempting to file his motion in state court before his one-year federal habeas statute of limitations period expires. As such, he asks the Court to "stay" his federal statute of limitations period and hold the deadline in abeyance for six months, giving Petitioner enough time to file a state postconviction motion that would seemingly toll his federal deadline. While the Court understands Petitioner's difficult situation, the Court cannot grant Petitioner the stay he seeks.

Petitioner has not filed an actual federal petition, and his Motion does not

provide any information about his underlying state court criminal conviction or the grounds on which he seeks to challenge that conviction. Thus, Petitioner has not properly initiated a habeas corpus case in this Court. See Woodford v. Garceau, 538 U.S. 202, 208 (2003) (concluding that a "habeas suit begins with the filing of an application for habeas corpus relief"). And the Court lacks jurisdiction to grant an extension of the one-year limitations period. See, e.g., Swichkow v. United States, 565 F. App'x 840, 844 (11th Cir. 2014) ("[B]ecause [the petitioner] had yet to file an actual § 2255 motion at the time he sought an extension to the limitations period, there was no actual case or controversy to be heard. Thus, the district court properly concluded that it lacked jurisdiction to consider [the petitioner]'s requests for an extension of time to file a § 2255 motion absent a formal request for habeas relief."); see also Stewart v. Florida, No. 3:18-cv-703-J-34JBT (M.D. Fla. June 6, 2018) (dismissing for lack of jurisdiction petitioner's motion to extend the federal one-year limitations period for § 2254).[1]

Accordingly, it is

**ORDERED AND ADJUDGED:**

1.   This case is **DISMISSED without prejudice** for lack of

---

[1] The dismissal of this case does not excuse Petitioner from complying with the one-year limitations period.

2

jurisdiction. If Petitioner wishes to file a federal habeas corpus petition, he must use the Court's approved form for doing so. The **Clerk** is directed to send Petitioner a form for filing a habeas petition.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the case.

3. If Petitioner appeals the dismissal of the case, the Court denies a certificate of appealability.[2] Because this Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

---

[2] This Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, a certificate of appealability is not warranted.

**DONE AND ORDERED** at Jacksonville, Florida, this 5th day of August, 2020.

*[signature: Timothy J. Corrigan]*

TIMOTHY J. CORRIGAN
United States District Judge

Jax-7/caw 8/3
c:
Ronald Lebed, #158851